

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 13, 2008

BY HAND

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 2/15/08]

[Handwritten note: Defendants Duarte, Polo, and Polo are directed to respond to the points raised by the Gov't in this letter, by no later than Feb. 20, 2008. Signed [signature] 2/14/08]

Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street, Room 1050
New York, N.Y. 10007

    Re: **United States v. Felix Marizan-Brito et al.**,
        S1 07 Cr. 753 (AKH)

Dear Judge Hellerstein:

       This letter is submitted pursuant to the Court's February 6, 2008 direction that the Government advise the Court and parties of its positions on the following issues: (1) defendant Dilenny Duarte's contemplated motion to suppress certain post-arrest statements; (2) defendants Maria E. Polo's and Antonia Polo's requests for additional information regarding photo array identifications of each defendant; and (3) pre-trial motions contemplated by defendant Angelo Tavarez, if any.

**(1)  Defendant Duarte's Contemplated Motion to Suppress**

       Following her arrest, defendant Dilenny Duarte stated the following in substance and in part: she did not know anything about the narcotics or money found in the apartment; she leases the apartment and moved in approximately two months earlier; she knows Nicolas Brito from the Dominican Republic and dated him for a period of time; and she last had contact with Brito when she was in the Dominican Republic. At the February 6, 2008 conference in this matter, counsel for Ms. Duarte stated that he was unable to determine from the Government's Rule 16 discovery whether Ms. Duarte was Mirandized before she made these statements and might move to suppress the statements were she not Mirandized. The Court directed the Government to provide its position on this issue as well a potential briefing schedule and, if appropriate, hearing.

Hon. Alvin K. Hellerstein
February 13, 2008
Page 2

It is the Government's position that Ms. Duarte was advised of her Miranda rights prior to making the statements related above. If called to do so, the Government would expect to offer the testimony of two law enforcement officers who participated in the questioning of Ms. Duarte, one of whom administered and the other of whom observed the advice of rights. The general rule, however, is "that the defendant who moves for suppression bears the initial burden" of adducing sufficient facts to warrant a hearing. United States v. Bayless, 921 F. Supp. 211, 213 (S.D.N.Y. 1996) (citing United States v. Arboleda, 633 F. 2d 985, 989 (2d Cir. 1980) and others). To obtain an evidentiary hearing, a defendant must allege facts which, if proved, would require the granting of relief. See United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992); United States v. Warren, 453 F.2d 738, 743 (2d Cir. 1972); United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969) (moving papers must "state sufficient facts which, if proven, would have required the granting of the relief requested"); United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir. 1967); United States v. Viscioso, 711 F. Supp. 740, 745 (S.D.N.Y. 1989).

In order to raise a factual issue justifying a hearing on such a motion, a defendant must, at a minimum, present her claim through an affidavit of an individual with personal knowledge of the relevant facts. See United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir. 1967); see also United States v. Vasta, 649 F. Supp. 974, 986 (S.D.N.Y. 1986) ("to raise a factual issue . . . such that a hearing is required, the defendant must support his claim with an affidavit based on personal knowledge"). An attorney's affidavit or affirmation regarding facts about which he has no personal knowledge is insufficient to justify a suppression hearing. See Gillette, 383 F.2d at 848 (no issue of fact warranting suppression hearing where only evidence was in an attorney's affidavit); United States v. Ruggiero, 824 F. Supp. at 393 (attorney affidavit based on information and belief is "completely inadequate to raise a factual issue justifying a hearing"); United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) (same).

Accordingly, the Government opposes any hearing on defendant Durate's contemplated motion unless and until such a motion is actually made and adequately supported by a first-person affidavit. If such a motion is intended, the Government would propose the following schedule to coincide with the tentative hearing date set for March 19, 2008: defendant's moving

Hon. Alvin K. Hellerstein
February 13, 2008
Page 3

papers filed no later than March 3, 2008, and the Government's opposition filed no later than March 14, 2008.

**(2)  Defendants Maria E. Polo's And Antonio Polo's Requests For Additional Information Regarding Witness Identifications**

Prior to the February 6, 2008 conference, and at the request of counsel, the Government produced to defendants Maria E. Polo and Antonio Polo copies of photographic arrays that included photographs of each defendant. These arrays were used by the Government during interviews with potential witnesses. While counsel for each of these defendants did not articulate any objection to the arrays at the February 6 conference, both counsel sought additional information regarding the circumstances of any witness identifications. The Court directed the Government to include in this letter its position as to what, if any, additional information should be disclosed by the Government.

Consistent with Judge Sand's decision in United States v. Bin Laden, 2001 U.S. Dist. LEXIS 614 (S.D.N.Y. Jan. 5, 2001), the Government proposes that, as to each identification or non-identification of a defendant by a potential Government witness, the Government provide the "date, time, and place" and a "description of the circumstances" of each identification or non-identification. See id. at *1-3. Consistent with Rule 16, the Government will not provide the identity of any potential Government witness nor include 3500 material such as statements made by potential witnesses in connection with any identification or non-identification. See id.

The Government intends to complete these disclosures by February 15, 2008 absent contrary direction by the Court. Should either defendant elect to file a motion subsequent to these disclosures, the Government would propose the same briefing schedule as above: defendant's moving papers filed no later than March 3, 2008, and the Government's opposition filed no later than March 14, 2008.

Hon. Alvin K. Hellerstein
February 13, 2008
Page 4

### (3) Defendant Tavarez's Contemplated Motions

      On February 12, 2008, I spoke with counsel for defendant Tavarez, who indicated that no motions are presently expected on behalf of Mr. Tavarez.

                            Very truly yours,

                            MICHAEL J. GARCIA
                            United States Attorney
                            Southern District of New York

By: _____
     Marshall A. Camp
     Assistant United States Attorney
     Tel.: (212) 637-1035

cc (by fax):    Roy Kulcsar, Esq.
                 Nestor Rosado, Esq.
                 James Roth, Esq.
                 Luis O. Diaz, Esq.
                 John Rieck, Jr., Esq.
                 David Gordon, Esq.
                 Richard Rosenberg, Esq.
                 Manuel Portella, Esq.